IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PETER GATHIRU,<br><br>               Petitioner,<br><br>vs.<br><br>TIMOTHY DUNNING, Sheriff of Douglas County; JOHN KELLY, Secretary of the Department of Homeland Security; JEFF SESSIONS, Attorney General of the United States; SCOTT BANIECKE, Field Office Director of Immigration Customs and Enforcement; and THOMAS HOMAN, Director of Immigration Customs and Enforcement;<br><br>               Respondents. | 8:17CV150<br><br>ORDER |

      This matter is before the Court on petitioner Peter Gathiru's ("Gathiru") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Filing No. 1). Gathiru, a native and citizen of Kenya who entered the United States as a visitor in 2004 and overstayed his visa, reports "Immigration Customs and Enforcement ("ICE") of the Department of Homeland Security ("DHS") has detained [him] since August 18, 2014 pursuant to a final order of removal, dated October 10, 2006 and the Ninth Circuits [sic] mandate issued May 18, 2015." Stating the respondents are presently detaining him "at the Douglas County Jail in Omaha Nebraska," Gathiru asks the Court "to remedy his unlawful detention."

      In his petition, Gathiru acknowledges he previously filed a Petition for Writ of Habeas Corpus in the District of Minnesota requesting the same relief while he was detained at a facility in Minnesota. On October 28, 2016, District Judge David S. Doty dismissed that petition without prejudice, finding Gathiru's detention was not

unreasonable but urging the government to "expedite his removal." "[F]irmly convinced that Gathiru's claim [wa]s baseless, and that reasonable jurists could not differ," Judge Doty denied Gathiru a certificate of appealability. Gathiru did not appeal. *See* 28 U.S.C. § 2253.

Gathiru filed the present petition on May 1, 2017. The petition includes a proof of service averring Gathiru served his petition and supporting documents on the respondents by mail on April 27, 2017. The respondents have not responded to the petition.

Gathiru's current petition presents a question of finality. Under 28 U.S.C. § 2244(a), this Court is not "required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." Beyond relating that Gathiru has been transferred to a detention facility in Omaha and still has not been removed to Kenya despite his purported cooperation with U.S. and Kenyan officials, Gathiru's petition essentially raises the same issues and arguments recently considered and rejected by Judge Doty.

Although this Court tends to agree with Judge Doty that "[t]he longer Gathiru is detained, the less reasonable his detention becomes," *see*, *e.g.*, *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), to this point, Gathiru has not given the Court a compelling reason to reevaluate his detention at this time, particularly given his decision not to appeal. Still, in light of the stakes, the Court will give Gathiru an opportunity to amend his petition to demonstrate, if possible, that the circumstances of his detention have sufficiently changed to warrant a second look at this time. Based on the record before the Court, the passage of a few months alone is unlikely to do the trick. *See* 8 U.S.C. §§ 1231(a)(6), 1537(b); *Zadvydas*, 533 U.S. at 690-91, 700-01. If Gathiru is unable to demonstrate his detention has become unreasonable since Judge Doty's well-reasoned decision or does not file an

amended petition by June 5, 2017, the Court may dismiss this case without further notice. *See* 28 U.S.C. §§ 2243, 2244(a).

IT IS SO ORDERED.

Dated this 25th day of May, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge